# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-

MICHAEL WILLIAM
MASTROMATTEO,

                Defendant.
_____/

CASE NO. 06-CR-20313

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING
## MICHELE SMITH'S MOTION FOR RETURN OF PROPERTY

Before the Court is Michele Smith's June 11, 2007 Motion for Return of Property under Fed. R. Crim. P. 41(g). (Doc. No. 24). The Government filed a Response on June 26, 2007. Having considered the entire record, and for the reasons that follow, the Court **DENIES** Smith's motion.

On February 19, 2004, and on June 28, 2005, law enforcement officers executed warrants at Defendant Michael W. Mastromatteo's ("Defendant") residence. Among the items seized from Defendant's residence were Defendant's firearms and ammunition. On March 7, 2006, the Government secured a Third Superseding against Defendant on various drug charges in a case before Judge Marianne O. Battani. (Case No. 05-8063). Defendant plead guilty to several of the Counts. On October 20, 2006, Judge Battani subsequently sentenced Defendant to 63 months in prison, followed by a period of supervised release.

On November 21, 2006, the Government secured another Indictment against Defendant, charging possession of firearms by an illegal drug user, possession of methamphetamine, possession of marijuana, and maintaining a drug-involved premises. The firearms and narcotics had

1

been seized by law enforcement officials during the execution of the February 19, 2006 warrant. The case was assigned to Judge Patrick J. Duggan.

On December 26, 2006, Defendant filed a Motion to Return Property. (Doc. No. 9). In that pleading, Defendant contended that the firearms and ammunition should be returned, since they were legally owned by Defendant at the time of their seizure. Defendant further maintained that he wished to transfer legal ownership of these items to Cindy Loop. On the same day, Defendant's attorney also filed a Motion to Withdraw as Counsel, arguing a break-down of the attorney client relationship. (Doc. No. 10).

On January 18, 2007, Judge Duggan granted Defendant's counsel's motion to withdraw. (Doc. No. 13). However, Defendant's new counsel, Robert Buschmohle, never filed an appearance in the case.

On January 26, 2007, Judge Duggan denied Defendant's motion to return property, finding that the Government had an interest in keeping Defendant's firearms for the purposes of its ongoing criminal investigation. (Doc. No. 14).

On February 1, 2007, the case was reassigned to Judge Battani as a companion to her Case No. 05-8063. On February 16, 2007, Judge Battani reassigned the case to this Court, as a companion to this Court's Case No. 06-20312.[1]

On April 30, 2007, the Government requested that this Court permit a voluntary dismissal of the indictments without prejudice of the charges in the cases pending against Defendants Mastromatteo and Smith. This Court then entered the two dismissals.

---

[1] In Case No. 06-80312, the Government secured a one-Count Indictment on November 21, 2006 against Jeff Garvin Smith. Smith was charged with being a violent felon in possession of body armor.

On June 4, 2007, Defendant's sister Michele Smith filed a Motion for Return of Property under Fed. R. Crim. P. 41(g). In that motion, Smith requests that the Court return Defendant's firearms and ammunition.

Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"Rule 41[(g)] proceedings are equitable in nature if the criminal proceedings are no longer pending." *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000).

On the issue of the transfer of firearms by convicted felons, the United States Court of Appeals for the Sixth Circuit has explained:

> [C]onvicted felon[s] are] prevented from possessing [ ] guns and ammunition. This prohibition is against actual *and* constructive possession, including a prohibition against allowing the firearms to be held in trust for a convicted felon by a third-party. Because [convicted felons] lack[] the power to lawfully possess the firearms [themselves, they] also cannot delegate the authority to possess these firearms to another individual.

*United States v. Headley*, 50 Fed. Appx. 266, 267 (6th Cir. 2002) (unpublished) (emphasis in original) (internal citations omitted).

Furthermore, Smith does not offer any evidence that she has received a lawful transfer of the firearms and ammunition from Defendant. Without an attached affidavit, or without any other evidence of ownership in the record, "bald assertions" that the property belongs to Smith are not sufficient to release the firearms and ammunition in this instance. *See id.* at 810.[2]

---

[2] Smith also argues that she is entitled to the return of other personal belongings seized by the Government. However, it is entirely unclear from the motion to which items she is referring. The Government focuses its Response on the firearms and ammunition, and does not address other personal property seized. However, since Smith has not sufficiently identified the

Accordingly, the Court **DENIES** Smith's Motion to Return Property under Rule 41(g). (Doc. No. 24).

**SO ORDERED.**

          s/Paul D. Borman
          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

Dated: September 7, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 7, 2007.

          s/Denise Goodine
          Case Manager

---

specific items to be returned and the legal basis for doing so, the Court cannot at this time grant her request for other personal property potentially at issue.